IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                        06-CR-048-WMC-01

EMMA THOMAS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Emma Thomas' supervised release was held on September 15, 2011, before United States District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by Associate Federal Defender Erika L. Bierma. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record before me, I make the following findings of fact, subject to the submission of any additional facts and argument from counsel at this hearing.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 28, 2007, following her conviction for bank fraud, in violation of 18 U.S.C. § 1344. This offense is a Class B felony. She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 36 months, with a five-year term of supervised release to follow. On January 24, 2011, the term of supervised release was revoked for violations consisting of repeatedly testing positive for cocaine and marijuana, associating with multiple

known criminals and a disorderly conduct conviction. Despite this abysmal record, upon the recommendation by the out-patient UJIMA program that a residential program like ARC might be effective, the court sentenced defendant to one-day in prison with credit for time served with an 18-month term of supervised release to follow. All standard and special conditions remained in effect, with the addition of a special condition requiring a placement in a residential reentry center for up to 180 days.

Defendant began her second term of supervised release on January 24, 2011, initially in ARC's non-residential program and, when a spot opened up at its Dayton Street facility, in a resident program beginning May 2nd. At that time, the defendant tested positive for cocaine. On July 11, 2011, defendant violated Standard Condition No. 9, prohibiting her from associating with any person engaged in criminal activity or convicted of a felony unless granted permission to do so by the probation officer, when she associated with convicted felon Edward "Shadow" Collins. On July 14, 2011, defendant violated a mandatory condition prohibiting her from possessing a firearm, destructive device, or other dangerous weapon when a steak knife belonging to ARC Community Services, Inc. on Dayton Street (ARC-Dayton) was found in defendant's suitcase. On July 14, 2011, defendant violated Special Condition No. 7, requiring her to reside at ARC-Dayton for a period of up to 180 days, when she was discharged as an unsuccessful completion case.

Defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant has squandered numerous treatment opportunities. Her conduct during her placement at ARC-Dayton clearly demonstrates her unwillingness to hold herself accountable and follow the conditions of supervised release. Accordingly, the 18-month term of supervised release imposed on defendant on January 24, 2011, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range with a period of supervised release to follow. The sentence is intended to hold defendant accountable for her violations, protect the community, and provide general and specific deterrence.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 24, 2011, is REVOKED and the defendant is committed to the custody of the Bureau of Prisons for a term of one year and one day. The court recommends the defendant be afforded mental health treatment, as well as the opportunity to participate in substance

abuse education and treatment programs and vocational training, and that she be afforded a prerelease placement in a residential reentry center with work release privileges. A 12-month term of supervised release shall follow. All standard and special conditions previously imposed shall remain in effect, except Special Condition No. 7.

Entered this 15th day of September, 2011.

BY THE COURT:

William M. Conley
Chief District Judge